UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| JARED MILARE,<br><br>            Plaintiff,<br><br>     vs.<br><br>U.S. DEPT. OF HHS, CDC,<br>SAMHSA, NIH, FDA,<br><br>            Defendants. | CIV. NO. 20-00195 LEK-RT |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE
AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On April 29, 2020, pro se Plaintiff Jared Milare ("Plaintiff") filed a Complaint for a Civil Case ("Complaint"). [Dkt. no. 1.] Also on April 29, 2020, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. no. 3.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Plaintiff has permission to file an amended complaint to try to cure the defects in the Complaint. Because Plaintiff is allowed to file

an amended complaint, the Application will not be ruled upon until the amended complaint is filed and screened.

## BACKGROUND

Plaintiff brings this action pursuant to: 1) the Comprehensive Childhood Immunization Act of 1993; 2) the National Childhood Vaccine Injury Act of 1986; 3) "VICP statutes of limitations on-table, off-table injuries"; and 4) "Public School immunization laws, SAM, Universal declaration of Human Rights." [Complaint at ¶ II.A.] Plaintiff indicates this is a health care or pharmaceutical personal injury or product liability tort case, describing the cause of action as "Childhood Vaccines is a negative contributing factor currently affecting me." [Civil Cover Sheet, filed 4/29/20 (dkt. no. 2).] Plaintiff identifies the following defendants: "U.S. Dept of HHS"; "CDC"; "SAMHSA"; "NIH"; and "FDA." [Complaint at pgs. 1-2.]

Plaintiff claims: "Defendant implemented only certain groups of ethnic background a scholastic approach to jeopardize mankinds [sic] health and pursuit of happiness to reproduce a socioeconomical biowarfare system hence influenced a governmental jurisdiction system, capitalism for control, incentives and intentions for monetary repopulations and youth corruption. Health degeneration and disease augmentation." [Id. at ¶ III.] Plaintiff seeks the following relief: "Assist

2

Plaintiffs [sic] mental health capacity for competence to be able to fairly contribute to society as harmonic and blissful as possible with a libertarian approach.  Accountability for my Single parent's holistic parenting."  [Id. at ¶ IV.]

### STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes h[is] pleadings.

3

Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

4

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (citation omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

## DISCUSSION

### I.  Failure to State a Claim

As this district court has stated:

> To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. See UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Weber v. Dep't of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

Springer v. Hunt, CIV. NO. 17-00269 JMS-KSC, 2017 WL 3380675, at *4 (D. Hawai`i Aug. 4, 2017).

The Court acknowledges that Plaintiff is clearly going through a difficult time. However, the Complaint does not assert a cognizable legal theory or allege sufficient facts to state a facially plausible claim. Rule 8 "does not require

5

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff identifies a number of abstract concepts including biowarfare, the pursuit of happiness, and disease augmentation, but the concepts are not presented within a logical structure, or with regard to how these concepts affect Plaintiff, in a way that that could be construed as a claim.

       To the extent that the Complaint contains any factual allegations, they do not allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. (citing Twombly, 550 U.S. at 556). "[D]ismissal for a violation under Rule 8(a)(2), is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised."  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (citation and quotation marks omitted).  The Complaint here violates Rule 8(a)(2) because it is too confusing for this Court to determine what claims Plaintiff is attempting to assert.  This Court therefore concludes that Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief can be granted.

## II. Leave to Amend

Because Plaintiff is pro se and it is arguably possible for Plaintiff to cure the deficiencies identified in the Complaint, leave to file an amended complaint must be granted. See Lucas, 66 F.3d at 248. If Plaintiff chooses to file an amended complaint, he must do so by **August 13, 2020**, and the amended complaint must state a claim or allege facts that would support a claim.

Plaintiff's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Plaintiff is cautioned that, if he fails to file his amended complaint by **August 13, 2020**, or if the amended complaint fails to cure the defects identified in this Order, his claims will be dismissed with prejudice – in other words, without leave to amend. Plaintiff would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

## III. Application

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. This Court will therefore reserve ruling on the

7

Application until Plaintiff files an amended complaint. If any portion of Plaintiff's amended complaint survives the screening process, this Court will then rule upon the Application and address whether Plaintiff is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint for a Civil Case, filed April 29, 2020, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. Plaintiff is GRANTED leave to file his amended complaint by **August 13, 2020**. The amended complaint must comply with the terms of this Order. Along with Plaintiff's copy of the instant Order, the Clerk's Office is DIRECTED to send Plaintiff a copy of the form Complaint for a Civil Case.

In addition, the Court HEREBY RESERVES RULING on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed April 29, 2020. If Plaintiff chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 29, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JARED MILARE VS. UNITED STATES DEPARTMENT OF HHS, ET AL; CV 20-00195 LEK-RT; ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**