UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JARED MILARE,<br><br>              Plaintiff,<br><br>     vs.<br><br>U.S. DEPT. OF HHS,  CDC,<br>SAMHSA,  NIH,  FDA,<br><br>              Defendants. | CIV. NO. 20-00195 LEK-RT |

## ORDER DISMISSING CASE WITH PREJUDICE

On April 29, 2020, pro se Plaintiff Jared Milare ("Plaintiff") filed his Complaint for a Civil Case and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] On June 29, 2020, an order was issued dismissing the Complaint without prejudice ("6/29/20 Order"). [Dkt. no. 7.] The 6/29/20 Order gave Plaintiff until August 13, 2020 to file an amended complaint that cured the defects identified in the 6/29/20 Order. [6/29/20 Order at 8.] Plaintiff was warned that, if he failed to file an amended complaint by August 13, 2020, his claims would be dismissed with prejudice and the case would be closed. [Id. at 7.] The Court reserved ruling on the Application, pending the filing and screening of the amended complaint. [Id. at 7-8.]

Because Plaintiff has neither filed an amended complaint nor requested an extension of the August 13, 2020 deadline, this Court has the discretion to dismiss the Complaint with prejudice.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1]  After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2]  this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced by

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

dismissal because they have neither been served nor made appearances in this case, and there are no less drastic alternatives available at this time.

Plaintiff's Complaint, which this Court previously dismissed without prejudice, is HEREBY DISMISSED WITH PREJUDICE, and the Application is DENIED AS MOOT.  This Court DIRECTS the Clerk's Office to close the case on **September 14, 2020** unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the Local Rules of Practice for the United States District Court for the District of Hawaii.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 28, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JARED MILARE VS. U.S. DEPARTMENT OF HHS, ET AL; CV 20-00195; LEK-RT; ORDER DISMISSING CASE WITH PREJUDICE**